MICHAEL P. CALLAHAN *vs.* COMMONWEALTH. January 4, 1994. *Clerk of Courts. Practice, Criminal,* Appeal, Sentence.

Michael P. Callahan (petitioner) has appealed from a judgment of a single justice of this court denying relief on his petition filed pursuant to G. L. c. 211, § 3 (1992 ed.). We affirm.

The underlying dispute concerns a sentence imposed on the petitioner in the Superior Court upon acceptance of his guilty plea to an indictment charging him with armed robbery. The Superior Court judge who accepted the plea imposed a sentence of from six to ten years' imprisonment in the Massachusetts Correctional Institution at Cedar Junction. The petitioner sought review of the sentence by the Appellate Division of the Superior Court pursuant to G. L. c. 278, §§ 28A-28C (1992 ed.), which ordered the sentence increased to from nine to twelve years. The petitioner next filed a motion to revise or revoke the amended sentence, purportedly under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), and a motion for leave to file late. The motion to revise or revoke, which essentially sought to reinstate the initial six to ten year sentence, was denied by the sentencing judge without a hearing. (There appears to have been no order on the accompanying motion for leave to file late.) The petitioner sought to file a notice of appeal from this order of denial. The notice was returned to the petitioner's counsel by the Superior Court clerk's office with the notation: "No appeal — counsel notified they have to go before the single justice." The petition under G. L. c. 211, § 3, followed, seeking an order compelling the clerk's office to docket and to process the notice of appeal, or, in the alternative, to review the petitioner's motion on its merits. The single justice denied the petition after a hearing.

1. The clerk acts as "a ministerial officer of the courts . . . [who] is subject to the direction of the courts in the performance of his duties." *Patrick* v. *Dunbar*, 294 Mass. 101, 104 (1936). One such duty is the acceptance and filing of papers pertaining to litigation. In the absence of an order from a judge, the clerk should not have refused to docket the petitioner's notice of appeal.

2. The single justice did not, and was not required to, give a reason for denying the petition. The petition could have been denied for any of the following reasons: (a) The availability of a remedy to the petitioner, apart from G. L. c. 211, § 3, with respect to the notice of appeal, namely a request for an order from a judge directing the clerk to accept the notice and process the appeal. See *Burnham* v. *Clerk of the First Dist. Court of Essex*, 352 Mass. 466, 466-468 (1967). (b) Lack of authority of the sentencing judge, in the circumstances, to modify a sentence which appears to have been properly changed by the Appellate Division. See G. L. c. 278, § 28B (Appellate Division's "decision shall be final"). (c) Assuming the motion could be considered as a proper one under rule 29 (a), its filing was beyond the strict jurisdictional time limits set forth in the rule. See *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982); *Clark, petitioner*, 34 Mass. App. Ct. 191, 193-194 (1993). On this point, the extension of time for filing provided for in rule 29 (a), based on an order or judgment of an appellate court, would not apply to an order of the Appellate Division of the Superior Court. See Mass. R. A. P. 1 (c), 365 Mass. 844 (1974) (" 'appellate court' means the full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either, as the case may be, whichever court is exercising statutory jurisdiction over the case at bar").

*Judgment affirmed.*

*William A. Hahn* for the petitioner.
*John P. Zanini*, Assistant District Attorney, for the Commonwealth.