IN THE MATTER OF RICHARD M. RUDNICKI. December 6, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Mandamus. Moot Question. Practice, Civil*, Moot case.

This is an appeal by Richard M. Rudnicki (petitioner) from the denial by a single justice of this court of a petition for a writ of mandamus. Several restraining orders against the petitioner were issued in the Cambridge District Court and thereafter the petitioner was criminally complained of for violating one or more of those orders. The criminal matters were disposed of as a single case on January 28, 1991, by the petitioner's waiver of a jury trial and admission to sufficient facts resulting in a continuance for one year without a finding.

The petitioner filed a notice of appeal and thereafter petitioned the Appeals Court to compel assembly of the record in the District Court. Mass. R.A.P. 9 (a), as amended, 378 Mass. 935 (1979). In July, 1991, a single justice of the Appeals Court denied that petition, stating, "As the criminal matter . . . was continued without a finding, the case is still in an interlocutory posture and this court is without jurisdiction to take action on the within motion." The petitioner then filed in the county court this petition for a writ of mandamus to compel assembly of the record. The single justice of this court denied the petition and this appeal ensued.

---

Pursuant to the order in the District Court, the criminal case was dismissed on January 28, 1992. Thus, the present appeal is moot because the petitioner "no longer has a personal stake in the outcome of this litigation." *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993). See *Thayer Co.* v. *Binnall*, 326 Mass. 467, 484-485 (1950) (writ of mandamus cannot issue when foundation on which petition rests is moot).

We note that, in his brief, the petitioner asserts several substantive errors in connection with matters unrelated to the aforementioned District Court criminal case. Those matters were not raised by the petition for a writ of mandamus and are not before us.

The order entered in the county court denying the petition for a writ of mandamus is affirmed.

*So ordered.*

*Chester M. Rudnicki*, for the petitioner, submitted a brief.