JAMES P. KARTELL *vs.* COMMONWEALTH & another.[1] October 16, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Moot Question.*

James P. Kartell appeals from the denial of his petition pursuant to G. L. c. 211, § 3, by a single justice of this court.

Kartell filed his petition seeking to expedite the preparation of the transcript of his criminal trial, which he claimed had been inordinately delayed.[2] Kartell's trial had lasted three weeks and eventually resulted in a transcript consisting of approximately thirty volumes and thousands of pages. When Kartell filed his petition, some fifteen months after the jury verdict, the court reporter had not submitted a complete transcript to the Superior Court clerk's office. Prior to the hearing on the petition, however, the court reporter submitted the transcript.[3] A single justice of this court denied the petition as moot. Kartell appealed. We affirm.

The specific relief Kartell requested in his petition is no longer necessary, as the trial transcript has been prepared and made available to counsel. Thus, his petition is moot. Cf. *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) ("The limited matter before us — Rasten's appeal from the single justice's judgment — is moot because the hearing that she sought to have continued took place as scheduled"); *Harvey* v. *Harvey*, 424 Mass. 1009, 1009 (1997) ("The main relief sought by the petitioner was an order compelling the Probate and Family Court . . . to schedule a trial . . . . That aspect of the petition has become moot because the divorce case was tried and a judgment entered while this appeal has been pending"); *Matter of Rudnicki*, 421 Mass. 1006 (1995) (appeal from denial of petition seeking to compel assembly of record moot because underlying criminal case was dismissed).

Despite the fact that the only specific relief requested in his petition related only to the preparation of the trial transcript, Kartell now claims that "[i]t is

---

[1]The Justices of the Superior Court Department of the Trial Court.

[2]Kartell also requested that, if the transcript were not produced within thirty days, the single justice stay the execution of his sentence.

[3]The submitted transcript did not include two pretrial transcripts Kartell had ordered from another court reporter. However, the Commonwealth represented that these transcripts would be made available the same week as the hearing on Kartell's petition.

the combination of the delay which has already occurred in the attempt to secure a transcript and the additional time which will likely be necessary to complete the process [of his appeal] which has resulted in a violation of [his] due process rights." Kartell did not make this argument before the single justice. Thus, we need not consider it,, or any other issue not raised before the single justice. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998). We nonetheless note that this claim is unsupported by the limited material in the record before the single justice. See *Campiti* v. *Commonwealth*, 426 Mass. 1004, 1005 (1997) (two-year delay in appeal, while "inordinate," did not entitle petitioner to relief under G. L. c. 211, § 3, where he failed to demonstrate that "the passage of this amount of time hindered his ability to present, or the court's ability to decide, the issues"); *Campiti* v. *Commonwealth*, 417 Mass. 454, 457 (1994) (twenty-nine month delay in preparation of transcript, while "deplorable," did not constitute due process violation); *Williams, petitioner*, 378 Mass. 623, 623-624 (1979) (absent showing of prejudice, nine-month delay in preparation of transcript did not constitute due process violation). Moreover, Kartell may obtain review of his claim, on a fully developed record, through the normal appellate process. *Campiti* v. *Commonwealth, supra* at 457. Thus, the single justice did not abuse his discretion or commit any other error of law in denying Kartell's petition. *Id.*

*Judgment affirmed.*

*Cathryn A. Neaves*, Assistant Attorney General, for Justices of the Superior Court Department of the Trial Court.

*Gregory I. Massing*, Assistant District Attorney, for the Commonwealth.

*Michael J. Traft* for the plaintiff.