*Raymond W. Rawlings* for Fleet National Bank & others.

---

ABDUR NADHEERUL-ISLAM *vs.* COMMONWEALTH. November 22, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Mandamus. Moot Question.*

Abdur Nadheerul-Islam appeals from the denial of his petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We dismiss the appeal as moot.

---

[1]Of the will of Florence Roberta Gerlach.

[2]Fleet National Bank and Raymond W. Rawlings.

[3]Of the Florence Roberta Gerlach Trust.

[4]Kristopher M. Kahn, Eric D. Graff, Kenneth C. Graff, Lorelei J. Chapman, and the Commissioner of the Internal Revenue Service.

Nadheerul-Islam was indicted on several charges, including a charge of murder in the first degree. He pleaded guilty to murder in the second degree. Nadheerul-Islam subsequently filed a motion to withdraw his guilty plea and for a new trial, pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). Approximately nine and one-half years later, and before his motion was acted on, he renewed his request to withdraw his guilty plea and obtain a new trial. Thereafter, Nadheerul-Islam filed a petition, pursuant to G. L. c. 211, § 3, requesting that a single justice of this court order the Superior Court judge to allow his motion.[1] The single justice denied the petition without a hearing, and Nadheerul-Islam appealed.

While this appeal has been pending, the Superior Court judge issued a memorandum of decision and order denying Nadheerul-Islam's request to withdraw his guilty plea and for a new trial. The specific relief sought by Nadheerul-Islam, an order compelling the Superior Court to allow his motion, is therefore no longer available. Thus, his appeal is moot.[2] Cf. *Harvey* v. *Harvey*, 424 Mass. 1009 (1997) (petition seeking order compelling court to schedule trial was moot because divorce case had been tried and judgment entered while appeal was pending); *Matter of Rudnicki*, 421 Mass. 1006 (1995) (petition for writ of mandamus seeking to compel assembly of record was moot following dismissal of case).

*Appeal dismissed.*

The case was submitted on briefs.

*Rami M. Vanegas*, Assistant District Attorney, for the Commonwealth.

*Abdur Nadheerul-Islam*, pro se.


---

[1]In essence, the relief Nadheerul-Islam requested is in the nature of mandamus. Mandamus is "extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991), and cases cited. Mandamus is not appropriate "to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Id.*, and cases cited.

Furthermore, the record is devoid of evidence that Nadheerul-Islam took the appropriate steps in the trial court to compel a decision on his motion. "[T]he first step a litigant can take is to make inquiry of the trial judge, directly, or through the register's or clerk's office. . . . A litigant may make a demand for action with the chief judge of the trial court concerned." *Zatsky* v. *Zatsky*, 36 Mass. App. Ct. 7, 12 (1994).

[2]Nadheerul-Islam's appeal from the Superior Court judge's ruling is currently pending in the Appeals Court.