JOSEPH KEANE *vs.* COMMONWEALTH. March 26, 2003. *Practice, Criminal,* Record. *Supreme Judicial Court,* Superintendence of inferior courts.

Joseph Keane appeals from the denial by a single justice of this court of his motion to compel assembly of the record of a District Court proceeding. The single justice treated Keane's motion as a petition pursuant to G. L. c. 211, § 3, and denied it without a hearing. In the motion, Keane sought an order requiring the District Court to assemble the record relating to the denial of, among other things, Keane's motion to vacate the District Court judge's finding of sufficient facts on several criminal charges.

The Commonwealth asserts that Keane's motion was moot because the underlying criminal complaint against him eventually was dismissed. We are not convinced that the Commonwealth's position is correct in a case, like this one, where a criminal defendant's admission to sufficient facts is alleged to carry collateral consequences that may give him a continuing personal stake in the outcome of the litigation despite the dismissal of the underlying complaint. However, we need not decide this point as there is an alternate ground supporting the single justice's decision.

We have repeatedly held that relief under G. L. c. 211, § 3, is properly denied where there are other routes by which the petitioning party may adequately seek relief. It is a petitioner's burden to demonstrate the absence or inadequacy of alternative routes. *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997), and cases cited. The usual route in such cases is to file a motion in the trial court to compel assembly of the record. See *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001-1002, cert. denied, 525 U.S. 1003 (1998) ("If a dispute arises as to whether the record must be assembled in a given case, the litigant who seeks to appeal may move for an order compelling the assembly, and the matter must then be resolved by a judge"). See also *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden,* 326 Mass. 390, 392 (1950) ("petitioner's remedy for any failure of the clerk . . . would have been by simple motion in the court in which the case was pending for a direction to the clerk to take the proper steps"). Indeed, material in the record appendix demonstrates that the Appeals Court clerk's office suggested this very avenue of relief to Keane before he filed his motion in the county court. Thus, the single justice's decision to deny Keane's motion was neither an abuse of discretion nor a clear error of law.

We are, nonetheless, mindful of the specific circumstances of this case, where the delay in prosecuting Keane's appeal has been lengthy and the alleged collateral consequences of his admission to sufficient facts are potentially significant. Therefore, we remand this matter to the county court, where a judgment shall enter directing the District Court to assemble the record forthwith, subject to Keane's compliance with the relevant rules of appellate procedure.

*So ordered.*

*Joseph Keane,* pro se.
*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.