JACQUELINE RENDEK, executrix,[1] *vs.* SHERIFF OF BRISTOL COUNTY & another.[2] October 22, 2003. *Survival of Action. Practice, Civil,* Survival of action. *Employment* Termination. *Public Employment* Termination. *Labor,* Public employment.

The sheriff of Bristol County (sheriff) and the Bristol County personnel review board (board) appeal from the judgment of a single justice of this court, holding that a county employee's claim for back pay pursuant to G. L. c. 35, § 51, survives his death. The question is whether the single justice abused her discretion or committed other error of law in allowing the relief requested in this action in the nature of certiorari. *Picciotto* v. *Superior Court Dep't of the Trial Court*, 436 Mass. 1001, cert. denied sub nom. *Picciotto* v. *Sikora*, 537 U.S. 820 (2002). We find no such error.

The employee's claim, pursued by his estate, is that he was terminated without just cause in violation of G. L. c. 35, § 51,[3] and is entitled to back pay. The Massachusetts survival statute, G. L. c. 228, § 1, lists a number of specific claims that survive a litigant's death "[i]n addition to the actions which survive by the common law . . . ." The type of claim asserted in this action is not among those specifically enumerated in the statute. Therefore, to remain viable, it must be deemed a cause of action that survives by common law.

This court has stated that "actions seeking the vindication of personal rights, in the absence of a statute, do not survive while those seeking redress for damage to property rights do survive." *Sheldone* v. *Marino*, 398 Mass. 817, 819 (1986). This principle is often summarized by stating that contract actions survive, while tort claims do not, with some exceptions. See, e.g., *McStowe* v. *Bornstein*, 377 Mass. 804, 806-807 (1979). What constitutes a contract claim has not been rigidly defined. *Id.* at 808. As the *McStowe* court stated, "[w]e have looked with disfavor on rigid procedural distinctions between contract and tort and are more concerned today with substance than with form." *Id.*

In substance, the claim in this case is contractual, or quasi contractual. The

---

[1] Of the estate of Lawrence Rendek.

[2] Bristol County personnel review board.

[3] General Laws c. 35, § 51, provides in pertinent part: "Any employee . . . who has completed at least five years of service may not be discharged from such employment except for just cause and for reasons specifically given him in writing by the appointing authority . . . ."

relevant statute, G. L. c. 35, § 51, controlled a critical term of the employment — permissible grounds for termination — much like a termination clause in a written employment agreement. Essentially, the employee's estate is seeking to recover damages from his former employer for breach of that term. See G. L. c. 35, § 51 (permitting employee to bring action in District Court challenging termination and entitling him to "be reinstated in his office or position without loss of compensation").[4] Similar quasi contractual, statute-based claims have been held to survive. See *Treasurer & Receiver Gen.* v. *Sheehan*, 288 Mass. 468, 471 (1934) (Commonwealth's claim to recover expenses for care of State mental hospital patient from his mother's estate pursuant to G. L. c. 123, § 96, survived; "cause of action in contract survives when founded upon an implied or quasi contract, as well as when founded upon an express agreement"); *Griffiths* v. *Powers*, 216 Mass. 169 (1913) (action to enforce attorney's statutory liability to pay client five times lawful interest for money detained after demand survived); *Anderson* v. *Metropolitan Stock Exch.*, 191 Mass. 117 (1906) (action for money had and received based on statutory violation concerning purchase of securities on margin survived).[5] Therefore, the single justice's judgment was well within existing precedent.[6]

*Judgment affirmed.*

*Robert M. Novack* for the defendants.
*Michael Franco* for the plaintiff.

---

[4]See also *Walter* v. *Board of Educ. of Quincy Sch. Dist. No. 172*, 93 Ill. 2d 101, 107 (1982) (in mandamus proceeding by tenured teacher seeking reinstatement and damages, "damages which amount to a claim for back salary are not a mere incident to the complaint for reinstatement but constitute a separate claim" that survives plaintiff's death).

[5]See also *Sliski* v. *Krol*, 361 Mass. 313, 315 (1972), quoting *Drewen* v. *Bank of Manhattan Co.*, 31 N.J. 110, 118 (1959) (cause of action by son for breach of oral agreement to compensate him for providing services to father during his lifetime survived son's death; general rule is "a right of action founded upon a contract survives the person entitled in his lifetime to sue, so that the right passes upon his death to his personal representative"); *Lovejoy* v. *Bailey*, 214 Mass. 134, 154 (1913) (partner's breach of fiduciary duty claim survived his death; "the act complained of is not a mere tort, but it is a breach of a quasi contract, the claim being founded on the breach of a fiduciary relation, and the law implying a contract that a man will faithfully perform duties which he has undertaken . . . the plaintiffs are really seeking to follow trust property or its avails procured by fraud and still held as part of the estate of the fraudulent party" [citations omitted]).

[6]On appeal, the defendants also challenge an order of the District Court judge who heard the employee's petition for judicial review. The judge had remanded the case for rehearing by the board based on the board's failure to produce a transcript of the original hearing. Because the defendants did not raise this issue before the single justice, we do not consider it. *Kartell* v. *Commonwealth*, 437 Mass. 1027, 1028 (2002). *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998).