SCOTT D. GAUMOND *vs.* COMMONWEALTH. July 22, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Record, Plea.

Scott D. Gaumond appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Gaumond pleaded guilty in the trial court to various criminal charges, was sentenced to a term of incarceration in State prison, and was ordered to pay restitution. Thereafter, he filed a motion to vacate the restitution order. The motion was denied, and he filed a timely notice of appeal. He later filed a motion to withdraw his guilty plea, pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). That motion also was denied, and he filed a timely notice of appeal from that ruling as well. The Superior Court clerk assembled the record regarding the denial of the first motion only. With respect to the second motion, Gaumond claims that he filed a motion in the Superior Court to compel assembly of the record, although no such motion appears on that court's docket; he also represents that he requested assembly of the record in letters to the clerk of the court, the Chief Justice of the Superior Court, and the Committee on Professional Responsibility for Clerks of the Courts, to no avail.

Gaumond then filed his petition pursuant to G. L. c. 211, § 3, claiming that the record had not been assembled regarding either motion. The single justice denied the petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Although rule 2:21 does not apply because Gaumond is not challenging an interlocutory ruling in the trial court, we can nonetheless conclude that the single justice neither erred nor abused his discretion in denying relief. First, because the record was in fact assembled with regard to the denial of Gaumond's motion to vacate the restitution order, his claim regarding that issue is academic. See *Kartell* v. *Commonwealth*, 437 Mass. 1027, 1027 (2002). Indeed, his appeal from the denial of that motion was entered in the Appeals Court but was dismissed for lack of prosecution. See *Matter of Rudnicki*, 421 Mass. 1006, 1006-1007 (1995). Second, with regard to the denial of his motion to withdraw his plea, even assuming, as he claims, that he filed a motion in the trial court to compel assembly of that record, there is no indication in the record on appeal that he ever requested any assistance from the clerk of the Appeals Court or filed an appropriate motion before a single justice of that court. See *Zatsky* v. *Zatsky*, 36 Mass. App. Ct. 7, 12-13 (1994) (discussing ways parties may address delay in assembly of record on appeal). Accordingly, he failed to carry his burden of showing that he lacked an adequate alternative remedy. See *Keane* v. *Commonwealth*, 439 Mass. 1002 (2003). The single justice, therefore, correctly denied his petition.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Scott D. Gaumond,* pro se.