WILLIAM SANTIAGO *vs.* COMMONWEALTH. November 17, 2004. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

In connection with the dismissal of criminal charges brought against him in the Newburyport District Court, Santiago moved in the District Court, pursuant to G. L. c. 276, § 100C, to seal his record regarding one of the dismissed charges. The motion was denied, as was a motion for reconsideration. With respect to the latter motion, Santiago filed a notice of appeal thirty-six days after the denial of the motion. More than one year later, for reasons that are not apparent, the record has not yet been assembled for appeal. See *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001-1002, cert. denied, 525 U.S. 1003 (1998) (discussing clerks' obligation with respect to accepting notices of appeal and assembling records).[1]

In his G. L. c. 211, § 3, petition, Santiago sought an order directing the clerk of the Newburyport District Court to assemble the record. The single justice denied the petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). In support of his petition in the county court, Santiago asserted that he had sought assembly of the record through letters to certain employees of the District Court and by filing a motion (on which, he claims, no action was taken) to compel such assembly. Some of those letters, however, were not submitted in support of the petition, and no motion to compel appears on the District Court's docket. In any event, even assuming that Santiago mailed the letters he claims to have mailed, and that he filed a motion to compel — the Commonwealth is willing to concede that he filed such a motion — he failed to show that he has pursued all available avenues of relief short of requesting the exercise of this court's extraordinary power under G. L. c. 211, § 3. Namely, he has neither requested intervention by the Chief Justice of the District Court nor sought relief through a motion before a single justice of the Appeals Court. See *Zatsky* v. *Zatsky,* 36 Mass. App. Ct. 7, 12-13 (1994). See also *Gaumond* v. *Commonwealth, ante* 1015 (2004).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William Santiago,* pro se.

---

[1]The Commonwealth contends that the notice of appeal was untimely, but that would not automatically excuse the clerk from assembling the record. See *Morales* v. *Commonwealth,* 424 Mass. 1010, 1011 (1997), and cases cited (clerk must "process the appeal" even if clerk believes notice of appeal is untimely). The Commonwealth's additional suggestion that it is too late for Santiago to request an enlargement of time for filing his notice of appeal is incorrect. See *Commonwealth* v. *White,* 429 Mass. 258, 262-265 (1999) (discussing authority of single justice of appellate court to grant enlargement after notice of appeal has been filed).