SOILO FERNANDEZ *vs.* COMMONWEALTH. November 17, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Assembly of record.

Soilo Fernandez appeals from a judgment of a single justice of this court denying his self-styled "Motion for Leave to File Notice of Appeal Late." We affirm.

In 1998, Fernandez pleaded guilty to various offenses in the Superior Court. He later moved for a new trial, which was denied on March 30, 1999. Fernandez filed a timely notice of appeal and a request for a transcript of his plea hearing on April 8, 1999. Although a transcript of the plea hearing was docketed in the Superior Court, the docket does not indicate that the record was ever assembled for appeal. See Mass. R. A. P. 9, as amended, 437 Mass. 1602 (2002). Separate from his effort to obtain a new trial, Fernandez moved to revise and revoke his sentence, which motion was denied on May 3, 1999. He failed to file a timely notice of appeal from that ruling. On December 9, 1999, he moved for leave in the Superior Court to file late notices of appeal, apparently from the denials of both his motion for a new trial and his motion to revise and revoke his sentences. That motion was denied. Fernandez did not seek leave to file a late notice of appeal from the Appeals Court. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).

In June of 2005, Fernandez filed in the county court a "Motion for Leave to File Notice of Appeal Late." Without specifying the authority under which he sought the single justice to act, Fernandez requested leave to file late notices of appeal with respect to the denials of his motions for a new trial and to revise and revoke his sentences. The single justice treated the motion as a petition pursuant to G. L. c. 211, § 3, and denied it without a hearing.

Fernandez has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Rule 2:21 does not literally apply here because, in seeking leave from the single justice to file a late notice of appeal, Fernandez was not challenging per se any interlocutory order of the trial court. Nonetheless, it is clear that he cannot demonstrate the absence of adequate alternative remedies, and so the single justice was correct in denying relief pursuant to G. L. c. 211, § 3. With respect to the denial of Fernandez's motion for a new trial, the problem is not with the notice of appeal — he timely filed one on April 8, 1999 — but, apparently, with the failure of the record to have been assembled and the appeal docketed in the Appeals Court.

---

Fernandez can seek to have those steps carried out by filing a motion in the trial court seeking an order compelling the clerk to assemble the record, which would then permit his timely appeal to proceed in the normal course. See *Keane* v. *Commonwealth*, 439 Mass. 1002, 1002 (2003) ("usual route . . . is to file a motion in the trial court to compel assembly of the record"). With that avenue available to him, this court need not exercise its extraordinary power under G. L. c. 211, § 3. As for the denial of Fernandez's motion to revise and revoke his sentences, he should have timely sought leave from the Appeals Court to file a late notice of appeal, pursuant to Mass. R. A. P. 14 (b), after the Superior Court judge denied his request to file late. The single justice of this court therefore properly denied Fernandez relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Soilo Fernandez,* pro se.