*Charles W. Groce, III,* for the petitioner.

THOMAS COSTELLO *vs.* BOARD OF APPEALS OF LEXINGTON & others.[1] November 8, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Clerk of Courts. Practice, Civil,* Complaint. *Contempt. Land Court.*

Thomas Costello appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3. Costello alleged that the defendants, various Lexington town boards and officials, were in civil contempt of certain court judgments and that the clerk of the Land Court had refused to docket his complaint for contempt or to issue a summons. The single justice denied relief without a hearing.

We agree with Costello that, as a general rule, the clerk should have accepted and docketed the complaint for contempt. "The clerk acts as 'a ministerial officer of the courts . . . [who] is subject to the direction of the courts in the performance of his duties.' " *Callahan* v. *Commonwealth,* 416 Mass. 1010, 1010 (1994), quoting *Patrick* v. *Dunbar,* 294 Mass. 101, 104 (1936) (absent order from judge, clerk should not have refused to docket petitioner's notice of appeal).

Nonetheless, Costello is not entitled to issuance of a civil contempt summons. "To hold a party in contempt, 'there must be a clear and unequivocal command and an equally clear and undoubted disobedience.' " *Newell* v. *Department of Mental Retardation,* 446 Mass. 286, 305 (2006), quoting *Nickerson* v. *Dowd,* 342 Mass. 462, 464 (1961). Costello's complaint for contempt does not identify any clear and unequivocal command addressed to any of the defendants, nor any conduct that might constitute clear and undoubted disobedience of a judicial command. The complaint is plainly insufficient on its face. See *Parker* v. *Commonwealth,* 448 Mass. 1021, 1022-1023 & n.2 (2007) (single justice properly denied facially insufficient complaint for contempt without hearing and without issuance of summons). Further, Costello had a remedy, apart from resort to G. L. c. 211, § 3, namely, a request for an order from a judge directing the clerk to accept the complaint for contempt and process it in the ordinary course. See *Callahan* v. *Commonwealth, supra* at 1011. See also *Santiago* v. *Commonwealth,* 442 Mass. 1045, 1045 (2004), citing *Zatsky* v. *Zatsky,* 36 Mass. App. Ct. 7, 12-13 (1994), and *Gaumond* v. *Commonwealth,* 442 Mass. 1015 (2004) (petitioner failed to seek relief from Chief Justice of applicable trial court department or from single justice of Appeals Court). Nothing in the record suggests that Costello made a request to the Land Court judge, the Chief Justice of the Land Court, or the Administrative Office of the Trial Court, or that he took any other such steps to obtain relief.[2] These failures on Costello's part, and the manifest deficiencies in his complaint alleging contempt (which would preclude the issuance of a sum-

---

[1]Steven R. Frederickson, individually and as building commissioner; David L. George, individually and as zoning enforcement officer; and the planning board of Lexington.

[2]Costello suggested at oral argument that he could not seek relief from the Administrative Office of the Trial Court (AOTC) because he was attempting to file his complaint in the Land Court, rather than, for example, the Superior Court. However, the Land Court is a department of the trial court subject to the AOTC's oversight.

mons on the complaint and subject it to dismissal), satisfy us that the single justice did not err by declining to grant relief.

*Judgment affirmed.*

*Thomas Costello*, pro se.

*Kevin D. Batt* for the defendant.