JOHN BALDWIN vs. COMMONWEALTH. May 12, 2010. *Supreme Judicial Court,* Appeal from order of single justice. *Sex Offender. Practice, Civil,* Appeal.

John Baldwin appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Baldwin is the subject of a pending civil commitment proceeding in the Superior Court, pursuant to G. L. c. 123A, having pleaded guilty to various

---

sex offenses and having completed his criminal sentences. In March, 2006, he filed, in connection with his criminal case, a pro se motion "To Enforce Plea Agreement Entered Into By The Commonwealth," claiming that the Commonwealth's petition for civil commitment violated Baldwin's plea agreement. A judge in the Superior Court denied the motion, concluding that the matter was controlled by *Commonwealth* v. *Cruz*, 62 Mass. App. Ct. 610 (2004). Baldwin filed a timely notice of appeal and a request for the appointment of counsel. In May, 2006, counsel was appointed. Counsel did not pursue an appeal because he concluded that it would lack merit in light of the *Cruz* decision. Counsel did, however, file a motion for a new trial on Baldwin's behalf, raising different claims from those raised by Baldwin in his pro se motion. The motion for a new trial was denied, as was a motion for reconsideration. The Appeals Court affirmed those rulings. See *Commonwealth* v. *Baldwin*, 73 Mass. App. Ct. 1122 (2009). In connection with that appeal, Baldwin attempted to file a pro se brief addressing the denial of his motion to enforce the plea agreement, but his brief was not accepted.[1] Thereafter, Baldwin filed a petition in the county court, pursuant to G. L. c. 211, § 3, requesting that the single justice order the Appeals Court to docket his appeal from the denial of his motion to enforce the plea agreement. The single justice denied the petition without a hearing.

Baldwin has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Although the rule does not technically apply because Baldwin is not seeking review of an "interlocutory ruling in the trial court," S.J.C. Rule 2:21 (1), the record before us shows that he had an adequate alternative to relief under G. L. c. 211, § 3. Concerning his attempt to appeal from the denial of his motion to enforce the plea agreement, it appears from the Superior Court docket that a record was never assembled and transmitted to the Appeals Court, and without the record having been assembled the case could not have been docketed in the Appeals Court. See Mass. R. A. P. 9, as amended, 437 Mass. 1602 (2002).[2] The appropriate next step, in these circumstances, is for Baldwin to move in the Superior Court for an order "compelling the clerk to assemble the record, which would then permit his timely appeal to proceed in the normal course." *Fernandez* v. *Commonwealth*, 445 Mass. 1015, 1016 (2005). In light of that available course, the single justice properly denied Baldwin's request to invoke this court's extraordinary superintendence power.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John Baldwin*, pro se.

---

[1]In that brief, Baldwin argued, among other things, that *Commonwealth* v. *Cruz*, 62 Mass. App. Ct. 610 (2004), had been wrongly decided.

[2]Baldwin claims that his counsel sent a letter to the Superior Court clerk, in September, 2008, explaining that Baldwin wished to pursue such an appeal pro se, and requesting that the court assemble the record for that appeal. There is no indication on the Superior Court docket, however, that Baldwin moved in the Superior Court for an order compelling the clerk to do so. See *Keane* v. *Commonwealth*, 439 Mass. 1002, 1002 (2003), and cases cited.