AURELIO PINERO, JR. *vs.* COMMONWEALTH. June 23, 2011. *Supreme Judicial Court,* Appeal from order of single justice.

Aurelio Pinero, Jr., appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. Pinero has been convicted of assault and battery and assault with intent to rape. See *Commonwealth* v. *Pinero,* 49 Mass. App. Ct. 397 (2000). He filed a motion for a new trial in December, 2009. The trial judge denied that motion as well as a subsequent motion for reconsideration. More than thirty days after the motion for a new trial was denied, Pinero filed a notice of appeal along with a motion for an enlargement of time to do so. The same judge denied the

---

latter motion. Several months thereafter, Pinero moved in the Appeals Court for an enlargement of time to file his notice of appeal. Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979). A single justice of the Appeals Court denied the motion and a subsequent motion for reconsideration. Pinero did not appeal to a panel of the Appeals Court, but filed his G. L. c. 211, § 3, petition in the county court. We affirm the judgment denying that petition.

Pinero has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." That rule does not apply here because Pinero, in asking a single justice of this court for an enlargement of time to file a notice of appeal, was not challenging an interlocutory order of the trial court. See *Fernandez* v. *Commonwealth*, 445 Mass. 1015, 1015 (2005). Nonetheless, it is clear on this record that Pinero "had [at least one] adequate alternative remedy to relief pursuant to G. L. c. 211, § 3: he 'could have appealed to a panel of the Appeals Court from the Appeals Court's single justice's denial of his motion for leave to file a late notice of appeal.' " *Kines* v. *Clerk of the Superior Court for Criminal Business*, 442 Mass. 1025, 1025 (2004), quoting *Rasheed* v. *Commonwealth*, 440 Mass. 1027, 1027 (2003). Relief under G. L. c. 211, § 3, was therefore properly denied.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Aurelio Pinero, Jr.*, pro se.

*Jane Davidson Montori* for the Commonwealth.