NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11811

BODHISATTVA SKANDHA <u>vs</u>.  CLERK OF THE SUPERIOR COURT FOR CIVIL BUSINESS IN SUFFOLK COUNTY.


September 29, 2015.


<u>Supreme Judicial Court</u>, Superintendence of inferior courts.
<u>Mandamus</u>.  <u>Practice, Civil</u>, Action in nature of mandamus, Assembly of record.  <u>Clerk of Court</u>.


The petitioner, Bodhisattva Skandha, appeals from a judgment of a single justice of this court denying his petitions pursuant to G. L. c. 211, § 3, and for relief in the nature of mandamus pursuant to G. L. c. 249, § 5.  We affirm.

<u>Background</u>.  The petitions stem from Skandha's effort to appeal from the dismissal of a complaint in the Superior Court that he and two other plaintiffs filed, in August, 2010, against the Committee for Public Counsel Services (CPCS) and several associated attorneys.  The plaintiffs claimed that CPCS and the attorneys had violated the plaintiffs' due process rights by, among other things, failing to screen their new trial motions to determine whether they had any claims that would entitle them to relief from their respective convictions.  A judge in the Superior Court dismissed the complaint, in May, 2013, and it appears that Skandha timely filed a notice of appeal.[1]  The appeal was dismissed, however, in January, 2014, apparently on

---

[1] Although it is not entirely clear from the trial court docket, we presume, for purposes of the matter currently before us, that final judgment has entered dismissing Skandha's complaint as to each of the defendants.

the basis that Skandha had failed to take the necessary steps to perfect it.[2]

Skandha subsequently timely filed a notice of appeal from the dismissal of his appeal, as he was entitled to do (in which he again indicated that there were no transcripts in the matter, see note 2, supra). He also filed, in March, 2014, a "motion for the court to order the clerk to provide the pleadings for the plaintiffs' appeal," and, in June, 2014, a motion in the Superior Court asking the court "to order the clerk to assemble the record." Both of these motions were stamped "rejected" on June 26, 2014, and never docketed. After his efforts to appeal stalled in the Superior Court, Skandha filed his petitions in the county court for relief in the nature of mandamus and pursuant to G. L. c. 211, § 3, asking the single justice to direct the clerk of the Superior Court to assemble the record for purposes of his appeal. The petitions were denied without a hearing.

Discussion. Skandha has now filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Technically speaking, that rule does not apply here because the trial court rulings at issue -- i.e., the refusal to accept and process his motions to compel assembly of the record -- were not interlocutory rulings. Regardless, as explained below, this is not a situation where extraordinary relief from this court is required.

When his motions to compel assembly of the record were rejected, Skandha had available a variety of other practical and legal steps he could have pursued before seeking the intervention of this court. A good roadmap can be found in the Appeals Court's opinion in Zatsky v. Zatsky, 36 Mass. App. Ct. 7, 12-13 (1994), a case that we have cited with approval many times. In Zatsky, the Appeals Court said:

"If an appellant experiences delay in assembly of the record, a pragmatic first step is to report the problem to the clerk of the Appeals Court, the court with which the

---

[2] As best we can discern from the record before us, the Superior Court dismissed the appeal because, as one of the defendants argued, Skandha failed to "file a designation of portions of the trial transcript to be ordered." As Skandha notes, however, his notice of appeal specifically stated that "there are no transcripts in this case."

appeal would lodge in the first instance. Often a clerk to clerk . . . communication may produce the desired expedition. The next steps . . . would be a request for intervention by the chief judge of the trial court concerned, invocation of the superintendency powers of the Supreme Judicial Court, and mandamus. A party may also bring a motion before a single justice of the Appeals Court either to compel a clerk . . . to assemble a record promptly or to waive assembly of the record as a prerequisite to entering the appeal."

Of these steps, seeking the intervention of this court should be the last resort. We routinely have upheld the denial of extraordinary relief by single justices of this court in similar circumstances when the litigant has not first pursued available alternatives. Examples include Santiago v. Commonwealth, 442 Mass. 1045 (2004); Gaumond v. Commonwealth, 442 Mass. 1015 (2004); and Keane v. Commonwealth, 439 Mass. 1002 (2003). See Matthews v. D'Arcy, 425 Mass. 1021, 1022 (1997). There is no indication in this record that Skandha took any of these other steps before seeking extraordinary relief from this court. The single justice was therefore well within his discretion in denying the petitions.

That said, we can see no reason why the clerk in this case could have refused to accept Skandha's motions. Skandha had the right to appeal from the dismissal of his original appeal and the right to seek assembly of a record for that purpose. See Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 673 (2008). It was not for the clerk to refuse to accept his motions directed toward that end; the clerk's role in these circumstances was to accept his motions and to submit them to a judge for action. "Clerks . . . are ministerial officers of the court when it comes to receiving and filing papers." Gorod v. Tabachnick, 428 Mass. 1001, 1001 (1998). "If a dispute arises as to whether the record must be assembled in a given case, the litigant who seeks to appeal may move for an order compelling the assembly, and the matter must then be resolved by a judge. . . . That is a legal determination for a judge to make, subject to appellate review." Id. at 1001-1002. We trust that if the motion is refiled now, it will be docketed and promptly acted on.

We also are mindful that Skandha has filed numerous cases in the Superior Court for Suffolk County and that, as a result, that court issued an order, in October, 2011, that any new case received by that clerk's office shall be reviewed by the

regional administrative justice prior to acceptance for filing. There is no indication on the trial court docket or otherwise in the record before us that this order applies to the rejected motions in this case. If this was in fact the clerk's basis for rejecting Skandha's motions, which we think would be questionable, it would behoove the clerk, and aid the appellate courts, if this were so indicated.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Bodhisattva Skandha, pro se.