The plaintiff, Bodhisattva Skandha, appeals from an order denying him leave to file a complaint in the Superior Court and from the subsequent order denying his motion for reconsideration. We affirm.
The plaintiff filed a complaint in the Superior Court for Suffolk County naming Joan T. Kennedy, a Department of Correction attorney, as the sole defendant. The complaint alleges that Kennedy had filed motions to waive compliance with Superior Court Rule 9A in two cases. The complaint also alleges that Kennedy once represented in a court proceeding that a particular motion "was not served on the Plaintiff prior to filing as is generally required." The plaintiff sought declarations that "all parties are required to abide by the mandatory language in Superior Court Rule 9A(a)(1)" and that " Superior Court Rule 9A(e)(2) only allows an exemption from the packaging of motions."
The plaintiff is subject to an order in the Superior Court for Suffolk County requiring prior judicial review of any complaint before acceptance for filing. See Skandha v. Clerk of the Superior Ct. for Civil Bus. in Suffolk County, 472 Mass. 1017, 1019 (2015). The regional administrative justice conducted this review and denied the plaintiff leave to file his complaint, stating that "[t]here is no jurisdiction over a separate lawsuit regarding service in another case as the dispute must be resolved in the underlying case."
The judge did not abuse his discretion or commit legal error in screening out the plaintiff's complaint. The complaint is frivolous. It gives no indication that "an actual controversy" exists within the meaning of G. L. c. 231A, § 1, inserted by St. 1945, c. 582, § 1. See Department of Community Affairs v. Massachusetts State College Bldg. Authy., 378 Mass. 418, 422 (1979). Indeed, the plaintiff stated in his motion for reconsideration that "the so-called underlying case is no more." Moreover, although the plaintiff's motion for reconsideration states that he seeks a declaratory judgment "that each and every defendant involved in civil litigation" is subject to rule 9A, only a single attorney is named as a defendant. See G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration"); Service Employees Intl. Union, Local 509 v. Department of Mental Health, 469 Mass. 323, 338 (2014) ("The failure to name necessary parties may be jurisdictional in a declaratory judgment action").
Finally, as the regional administrative justice observed, whether service is properly made in any particular matter can only be determined in the context of that matter. Although service of all pleadings under rule 9A is generally required, situations may exist that would justify delayed or partial service in some cases. Declaratory relief is not available as "a vehicle for resolving abstract, hypothetical, or otherwise moot questions." Libertarian Assn. of Mass. v. Secretary of the Commonwealth, 462 Mass. 538, 547 (2012).
Order denying leave to file complaint affirmed.
Order denying reconsideration affirmed.