NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13517

JONATHAN S. COLE  vs.  CITIBANK, N.A.

February 26, 2024.

Supreme Judicial Court, Superintendence of inferior courts.

        The petitioner, Jonathan S. Cole, appeals from a judgment
of a single justice of this court denying his petition pursuant
to G. L. c. 211, § 3.  We affirm.

        Cole is the defendant in a debt collection action in the
District Court.  He moved to dismiss the complaint in that case,
and a judge denied the motion after a hearing.  Cole subsequently
filed several additional motions.  Among other things, he sought
to appeal from the denial of his motion to dismiss to a single
justice of the Appellate Division pursuant to G. L. c. 231,
§ 118A; he moved for the District Court judge who had denied the
motion to dismiss to recuse himself; and he filed a motion to
stay with a single justice of the Appeals Court.  None of these
motions was successful.[1]  Cole then filed his G. L. c. 211, § 3,
petition in the county court, seeking a variety of relief,
including, among other things, dismissal of the debt collection

_____

        [1] The petitioner's appeal to a single justice of the
Appellate Division was dismissed on the basis that relief
pursuant to G. L. c. 231, § 118A, was not available (i.e., that
the statute did not apply in the circumstances).  As to the
motion to recuse, the District Court docket indicates that the
motion is moot, although there is no indication in the record as
to why.  And, as to the motion to stay filed in the Appeals
Court, a single justice denied the motion essentially on the
basis that the motion was not properly before that court.

action, on the basis of "fraud on the court"; referral of counsel representing the plaintiff in the debt collection action to the Board of Bar Overseers, as well as a stay of any proceedings in any Massachusetts court in which plaintiff's counsel is involved on the basis that counsel is not registered to conduct business in Massachusetts; and referral of the District Court judge who denied Cole's motion to dismiss to the Commission on Judicial Conduct. The single justice denied the petition without a hearing.

Cole has now filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule, which applies here only to the extent that Cole seeks relief from an interlocutory ruling in the trial court, i.e., the denial of his motion to dismiss, requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Cole has not made, and cannot make, such a showing. There is no reason why review of the denial of Cole's motion to dismiss cannot adequately be obtained on appeal from any final adverse judgment in the trial court. See Foley v. Lowell Div. of the Dist. Court Dep't, 398 Mass. 800, 802 (1986) ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied").

Cole also claims that he has filed various motions in the District Court that have not been docketed, and has included in the record what appear to be copies of those motions with date stamps from the District Court. It is difficult to discern from the record, and from the District Court docket, whether those motions have in fact been docketed, but if they have not, we see no reason why not. We trust that if the motions were properly filed, they will be properly docketed.[2] Finally, to the extent that Cole raises issues regarding plaintiff's counsel or the District Court judge, the proper place to raise those issues is not via G. L. c. 211, § 3. Rather, he might raise his concerns with the Board of Bar Overseers or the Commission on Judicial Conduct, respectively.

---

[2] If there was in fact a basis for rejecting the petitioner's motions, or declining to docket them, it would behoove the clerk, and aid the appellate courts, to indicate any such basis. See, e.g., Skandha v. Clerk of the Superior Court for Civ. Business in Suffolk County, 472 Mass. 1017, 1019 (2015).

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Jonathan S. Cole, pro se.