JONATHAN CARVALHO vs. COMMONWEALTH. October 7, 2011. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

The petitioner, Jonathan Carvalho, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Carvalho was indicted for murder and unlawful possession of a firearm. The Commonwealth moved to compel Carvalho to provide a buccal swab on the basis that it needed deoxyribonucleic acid (DNA) evidence to try to exclude Carvalho as a possible source of blood found on his sneakers. Over Carvalho's objection, a judge in the Superior Court allowed the motion. Carvalho thereafter filed his G. L. c. 211, § 3, petition in the county court.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Carvalho has not made such a showing. As he recognizes, this court has rejected the argument that he will not be able to obtain adequate review on appeal from any conviction because the seizure of his DNA, through the buccal swab, will have already occurred. See *White* v. *Commonwealth,* 439 Mass. 1017, 1017 (2003), and cases cited. Carvalho therefore seeks to raise an additional argument — that he cannot obtain adequate review on appeal from any conviction because once his DNA profile is obtained, it "will be immediately available to the Government for comparison with DNA profiles obtained from other crime scenes, potentially requiring [him] to defend other unrelated charges as a consequence of the seizure in this case." He did not, however, raise the argument before the single justice. We therefore need not consider it. See, e.g., *Kartell* v. *Commonwealth,* 437 Mass. 1027, 1028 (2002), citing *Milton* v. *Boston,* 427 Mass. 1016, 1017 (1998).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Willie J. Davis* for the petitioner.