RONALD GULLICK *vs.* COMMONWEALTH. May 22, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* New trial, Assistance of counsel.

Ronald Gullick appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

Gullick was convicted of various offenses in 1979. This court affirmed the convictions. See *Commonwealth* v. *Gullick*, 386 Mass. 278 (1982). Since then, Gullick has filed numerous postconviction motions, including four motions for a new trial. In at least some of the new trial motions he argued that he received ineffective assistance of appellate counsel. Those claims were not successful — the trial court denied each of the motions and the Appeals Court, in turn, affirmed the denials, most recently in March, 2007. See *Commonwealth* v. *Gullick*, 68 Mass. App. Ct. 1113 (2007). In May, 2011, Gullick filed his G. L. c. 211, § 3, petition, arguing that he received ineffective assistance of appellate counsel and asking the court to "reinstate" his direct appeal. The basis for the ineffective assistance of appellate counsel argument was that, according to Gullick, his appellate counsel did not communicate with him before filing the brief in the direct appeal or before oral argument in that case. The single justice denied the petition without a hearing.

Pursuant to G. L. c. 211, § 3, this court "shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." Gullick points to no error or abuse of discretion by, and is not challenging any specific order or decision of, any lower court, and his argument that he has no other remedy is unavailing. He could have raised a claim of ineffective assistance of appellate counsel in a motion for a new trial, as he is aware, having already filed numerous new trial motions raising that very issue. He has not set forth any reason why he could not have raised the specific argument raised here — that his appellate counsel was ineffective because counsel did not communicate with him — in any of his earlier new trial motions. See *Commonwealth* v. *LeFave*, 430 Mass. 169, 173 (1999) (defendant "waived her right to challenge the ineffectiveness of her counsel on appeal by not pressing the point in presenting her first motion for a new trial"). See also Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). Finally, to the extent Gullick raises issues in this court that he did not raise in the county court, we need not consider them. See *Carvalho* v. *Commonwealth*, 460 Mass. 1014 (2011), and cases cited.

The single justice did not err as a matter of law or abuse his discretion in denying the G. L. c. 211, § 3, petition.[1]

*Judgment affirmed.*

The case was submitted on briefs.

*Ronald Gullick*, pro se.

*Kenneth E. Steinfield*, Assistant District Attorney, for the Commonwealth.

---

[1] Gullick also argues that the single justice erred in not requiring appellate counsel to respond to the G. L. c. 211, § 3, petition. Appellate counsel is not a proper party in this action. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).