NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11829

DANIEL D. TAVARES  vs.  COMMONWEALTH.


November 10, 2016.


Bail.  Supreme Judicial Court, Superintendence of inferior
      courts.


     The petitioner, Daniel D. Tavares, appeals from a judgment
of a single justice of this court that denied his petition
pursuant to G. L. c. 211, § 3, but directed that he could seek,
in the Superior Court, return of certain forfeited bail.  We
affirm.

     Tavares has been charged, in three different indictments,
with possession with intent to distribute cocaine, in violation
of G. L. c. 94C, § 32A (c); conspiracy to violate the drug law,
in violation of G. L. c. 94C, § 40; and larceny over $250, in
violation of G. L. c. 266, § 30 (1).  Each of the cases
originated with a complaint in the District Court and was
subsequently transferred to the Superior Court after the
corresponding indictment issued.  The cases are now pending in
the Superior Court where, according to their respective dockets,
that court has imposed a "unified bail."  Although the record
before us is not entirely clear, it appears that the bail set in
the District Court in the possession with intent to distribute
case and in the conspiracy case was transferred to the Superior
Court, after Tavares was indicted on those charges, in the total
amount of $2,500.  In the larceny case, it does not appear that
bail was transferred.  Rather, it appears that, after Tavares
was indicted on that charge, the bail that had been set in the
District Court -- $1,000 -- was reduced to zero and the posted
amount returned to the surety.  Bail was then set in the
Superior Court in the amount of $500, bringing the total bail in
the three Superior Court cases to $3,000.

Docket entries for each of the cases indicate that on September 11, 2013, Tavares defaulted and a warrant issued. On October 21, 2013, Tavares was brought into court, the default was removed, and the warrant was recalled. The following day, the court held a new bail hearing, revoked the previous order of bail, and set a new unified bail in the amount of $13,000. On November 5, 2013, the court held a bail forfeiture hearing, after which the court denied forfeiture in the possession with intent to distribute and conspiracy cases but allowed it in the larceny case. The docket in the larceny case further indicates that on November 29, 2013, Tavares forfeited $500.

After the bail forfeiture, Tavares filed his G. L. c. 211, § 3, petition in the county court. The issues that he raised therein pertain only to bail in connection with the larceny case. He argued that double or triple bail was imposed -- first, in the District Court in the amount of $1,000; second, in the Superior Court in the amount of $500, as a part of the unified bail; and third, again in the Superior Court, when a new unified bail was set in the amount of $13,000. In his petition, Tavares asked the county court to "vacate the bail orders, release him, and order his $500 be returned." He also sought dismissal of all three Superior Court cases. The Commonwealth opposed the petition and the relief sought except as to the return of the forfeited amount of $500. As to that, the Commonwealth acknowledged that, pursuant to Commonwealth v. The Stuyvesant Ins. Co., 366 Mass. 611 (1975) (Stuyvesant), forfeiture may have been improper, and that Tavares might be entitled to the return of that money. The single justice agreed. She denied the relief that Tavares sought as to vacating the bail orders, his release, and dismissal of the indictments, but held that once the default had been removed, the $500 in bail should not have been forfeited. She further indicated that Tavares could file a motion in the Superior Court seeking return of that amount.

In his appeal to this court, Tavares argues that the single justice erred in adopting the Commonwealth's suggested reading of the Stuyvesant case. The argument is puzzling given that the single justice's interpretation and application of that case here works in Tavares's favor -- that is, her decision, which we are affirming, allows him to seek return of the forfeited bail in the Superior Court. To the extent that the single justice otherwise denied the relief that Tavares sought, the Stuyvesant case did not bear on the decision.

Furthermore, there is no merit to Tavares's arguments regarding the imposition of double or triple bail in the larceny case. Tavares is correct insofar as he argues that, pursuant to G. L. c. 276, § 58, eighth par., if a defendant posts bail in the District Court and is subsequently arraigned in the Superior Court for the same offense, "the amount of any bail bond posted . . . in the district court shall be carried over to a bail bond required by the superior court." As best we can discern from the record before us, however, there was no bail to be transferred because the bail imposed by the District Court in the larceny case was reduced to zero before Tavares was arraigned in the Superior Court on the larceny indictment. In any event, G. L. c. 276, § 58, also provides for the Superior Court judge's discretion in setting the amount of bail. In other words, the judge had the authority to set bail in the larceny case in the amount of $500. He was not imposing a "second" bail. Similarly, when the unified bail was subsequently set at $13,000, this was not a "third" bail, but rather a new bail order, set after Tavares defaulted. This too was within the judge's discretion. See Commesso v. Commonwealth, 369 Mass. 368, 374-375 (1975) (discussing G. L. c. 276, § 58, and circumstances in which judge may revise bail).

To the extent that, in addition to the return of the forfeited bail, Tavares continues to press for additional relief -- to have the current bail order vacated; to be released from custody; and for dismissal of the charges against him -- he provides no cogent argument or support for this position, and we see no reason such relief would be warranted here. Finally, Tavares also attempts to raise several other issues before the full court that do not appear to relate to the bail issues raised before the single justice, including claims of ineffective assistance of counsel and claims that relate to pending cases other than the three addressed herein. Where those issues were not raised before the single justice, we do not address them. See, e.g., Carvalho v. Commonwealth, 460 Mass. 1014 (2011), and cases cited.

The decision of the single justice, which denied relief pursuant to G. L. c. 211, § 3, but provided that Tavares may seek return of the forfeited bail in the Superior Court, is affirmed.

So ordered.

Daniel D. Tavares, pro se.

<u>Susanne G. Reardon</u>, Assistant Attorney General, for the Commonwealth.