NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12250

SHANNON EWING  vs.  PATRICIA DAVENPORT-MELLO & others.[1]

November 22, 2017.

Moot Question.  Practice, Civil, Moot case.  Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Shannon Ewing, appeals from a judgment of a single justice of this court dismissing as moot his petition pursuant to G. L. c. 211, § 3.  We affirm.

The petitioner, who is confined at the Old Colony Correctional Center, filed a complaint in the Superior Court claiming that the defendants violated his civil rights by failing to provide him with a diabetic snack.  The respondents filed a motion to dismiss, which the petitioner opposed.  A judge allowed the motion, and the petitioner filed a timely notice of appeal on August 25, 2016.  He then filed his G. L. c. 211, § 3, petition in the county court on October 6, 2016, claiming that the trial court clerk's office had not "acted on" his notice of appeal.  He asked a single justice of this court to "[o]rder the . . . Superior Court to file [his] [n]otice of [a]ppeal, or in the alternative, reinstate the [c]ivil [c]omplaint."  Because the petitioner's notice of appeal had already been docketed in the trial court, however, and the record was in the process of being assembled, the single justice dismissed the G. L. c. 211, § 3, as moot.

In his appeal to this court, the petitioner argues, among other things, that the case "did not become moot" because the trial court failed to "honor [its] obligation to [p]rocess" his

_____

[1] Paul Caratozzola, Linda M. Farag, and the Massachusetts Partnership for Correctional Healthcare Services.

notice of appeal in a timely fashion.  Since the single justice's decision dismissing the petition as moot, the trial court record has been assembled and the petitioner's appeal has been entered in the Appeals Court.  The appeal has been fully briefed in that court.  The petitioner has, in other words, received the relief that he sought in his G. L. c. 211, § 3, petition -- that is, the docketing of his notice of appeal and assembly of the trial court record.  To the extent that he now raises additional issues in his appeal to this court, those issues were not raised before the single justice and we need not consider them.  See, e.g., Carvalho v. Commonwealth, 460 Mass. 1014 (2011), and cases cited.

The single justice did not err in dismissing the G. L. c. 211, § 3, petition as moot.[2]

Judgment affirmed.

Shannon Ewing, pro se.
George J. Puddister, IV, for the respondents.

---

[2] The petitioner's motion to consolidate his pending appeal in the Appeals Court with this appeal is denied.