NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12455

A JUVENILE  vs.  COMMONWEALTH.


August 13, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
    Delinquent Child.  Bail.


The petitioner, a juvenile, has been charged in a
delinquency complaint with being an accessory to murder after
the fact, in violation of G. L. c. 274, § 4, and with assault
and battery by means of a dangerous weapon, in violation of
G. L. c. 265, § 15A.  At the juvenile's arraignment, a Juvenile
Court judge set bail at $50,000.  A Superior Court judge
subsequently denied the juvenile's petition for bail review, and
the juvenile then filed a petition with a single justice of this
court pursuant to G. L. c. 211, § 3.  The single justice denied
the petition, and the juvenile appeals.  We affirm.[1]

Background.  The juvenile has been in the permanent custody
of the Department of Children and Families (department) since
2013.  In October, 2016, he was charged in a delinquency
complaint with vandalizing property, in violation of G. L.
c. 266, § 126A, and assault and battery, in violation of G. L.
c. 265, § 13A.  After his arraignment on those charges, he was
released to the custody of the department.  He subsequently
failed to appear for a compliance and election hearing scheduled
for January, 2017, and a default warrant issued.  The juvenile
remained in default until October, 2017, when he was arrested in
connection with the events that led to the current charges.

---

[1] We acknowledge the amicus brief submitted by the Committee
for Public Counsel Services, Youth Advocacy Division and
Children and Family Law Division.

In setting the juvenile's bail at $50,000, the Juvenile Court judge marked on the bail form that the reasons for doing so were the nature and circumstances of the offenses charged; the potential penalty the juvenile faces; and the juvenile's family ties, record of flight to avoid prosecution, failure to appear at a court proceeding, and status of being on bail pending adjudication of a prior charge.  The judge also included handwritten notes in the section for "Findings of fact for bail amount higher than what juvenile/defendant may afford," which appear to state that "[t]he Juvenile may be indicted. -- Victim murdered -- child in DCF and DYS custody -- been in warrant status since Jan. 18, 2017 -- Co-Defendant, stabbing -- fled with him + returned 4 murder weapon."

The juvenile petitioned for a review of the bail determination in the Superior Court.  A judge in that court denied the petition in a handwritten marginal note stating that "[t]he court has considered the defendant's lack of financial resources.  However, given the fact that he is in the custody of DCF and has been a runaway for months, there is no reasonable alternative to assure the defendant's appearing in court other than setting a bail he cannot post.  [Brangan v.  Commonwealth], 477 Mass. 691 (2017)."

Discussion.  The juvenile argues, among other things, that a judge making a bail determination for a juvenile in the department's custody must take into account the fact that the department does not post bail for such juveniles, and therefore bail in any amount will be more than the juvenile can pay and will result in pretrial detention.[2]  In his view, both judges who addressed the bail issue here -- the Juvenile Court judge in setting bail, and the Superior Court judge in denying the petition for bail review -- failed to do this and, as a result, violated his due process rights.  In the particular circumstances presented here, and in particular on the record before us, we disagree.

In our recent decision in Brangan v. Commonwealth, 477 Mass. 691 (2017), we addressed the extent to which a judge

---

[2] The juvenile states that the Department of Children and Families (department) does not post bail for juveniles in its custody.  Although the juvenile has not provided any definitive support for this assertion, he has provided certain information that suggests this to be true (and the Commonwealth does not specifically disagree).  At least for purposes of this appeal, we accept this to be true.

"must consider a criminal defendant's financial resources in setting bail, whether such a defendant is constitutionally entitled to an affordable bail, and the due process requirements that apply if the judge settles on a bail amount that is more than the defendant can pay, resulting in pretrial detention."

Id. at 693. We concluded that although a judge must consider a defendant's ability to pay, the judge "is not required to set bail in an amount the defendant can afford if other relevant considerations weigh more heavily than the defendant's ability to provide the necessary security for his appearance at trial." Id. In short, a judge may, in certain circumstances, set a bail that a defendant will be unable to post.

If the judge does so, "the judge must provide findings of fact and a statement of reasons for the bail decision, either in writing or orally on the record," that explain not only "how the bail amount was calculated" but also why, "notwithstanding the fact that the bail amount will likely result in the defendant's detention, the defendant's risk of flight is so great that no alternative, less restrictive financial or nonfinancial conditions will suffice to assure his or her presence at future court proceedings." Id. at 707.

In this case, when the Juvenile Court judge set bail at $50,000, the judge was, for all intents and purposes, issuing an order of detention, because the juvenile had no financial resources to post that amount of bail or, in fact, any amount of bail. There is no question, following our decision in Brangan, that where a bail determination is likely to lead to pretrial detention, a judge making that determination must consider alternative nonfinancial conditions and must make findings in connection with the decision. Those findings should demonstrate that a judge has engaged in fair and meaningful consideration of reasonable alternatives relevant to the circumstances of the case such that a reviewing court can be satisfied that the requirements detailed in Brangan have been met. As we indicated in Brangan, the findings can be written or oral so long as there is adequate indication, on the record, that due consideration has been given to nonfinancial alternatives.[3] This holds true

---

[3] We reiterate here a point that we made in Brangan v. Commonwealth, 477 Mass. 691, 707 n.19 (2017), regarding the use of the form captioned "Reasons for Ordering Bail, G. L. c. 276, § 58." The Juvenile Court form -- which lists several generic

regardless of whether the bail determination pertains to a juvenile or adult defendant.

There also is no question that when a juvenile (or a defendant) petitions this court pursuant to G. L. c. 211, § 3, seeking review of a bail determination (or for any other reason), it is the petitioner's burden to create a record substantiating his claim of error. See, e.g., Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998), and cases cited (petitioner's burden to create record showing substantial claim of violation of substantive right). In this case, such a record might have included details regarding the bail hearing in the Juvenile Court (in the form of a transcript, an affidavit from counsel, or some other reliable source) that would show, as the juvenile claims, that reasonable nonfinancial conditions were not discussed or considered by the judges below. We do not have that. All we have in the record before us (and all that was before the single justice) are the bail form completed by the Juvenile Court judge and the Superior Court judge's handwritten notation in the margin of the petition for bail review.

Although the details that the judges set forth as to what informed their respective decisions are scant, those details are enough, in the circumstances, to demonstrate that there was no abuse of discretion in setting the juvenile's bail. As is noted in the decisions, the juvenile was in default at the time of his arrest on the current charges; he had essentially fled from the department's custody and was a "runaway" at the time of his arrest; and, importantly, the Superior Court judge noted that there was no reasonable alternative to bail. The judges, in other words, recognized the very issues with which the juvenile is (and we are) concerned. We are satisfied that no due process violation has occurred in this instance.

The juvenile also raises two additional issues regarding setting bail for a juvenile in the department's custody: first,

---

categories of reasons for the bail that a judge may check off -- may be useful in making the required findings, but "we caution that further elaboration of the findings may be prudent where the bail is likely to result in long-term detention," as would generally be the case with juveniles in the custody of the department. Id. We also take this opportunity to suggest that the Juvenile Court consider revising the form to better reflect the need for the consideration of alternative nonfinancial conditions.

that doing so violates a juvenile's equal protection rights; and second, that doing so involves both executive and judicial branches of government and thus violates the separation of powers principles set forth in art. 30 of the Massachusetts Declaration of Rights. As to the latter issue, the juvenile did not raise it before the single justice, and we therefore need not consider it. See Carvalho v. Commonwealth, 460 Mass. 1014, 1014 (2011), and cases cited.

As to the former issue, regarding equal protection, we find no merit to the juvenile's assertions. The juvenile argues that because the department does not post bail for juveniles in its custody (see note 2, supra), a juvenile so situated is being treated differently from a juvenile in the custody of a parent, who, the argument goes, may have the ability to post bail for the juvenile. The argument misses the mark. The basis of a juvenile's inability to post bail makes no difference. A juvenile in the department's custody is no differently situated, for purposes of posting bail, from a juvenile whose parents cannot afford bail or, for that matter, an indigent adult defendant. The juvenile is not, in short, as he suggests, being penalized for not having a family.

Conclusion. Where the bail determination was appropriately made and no violation of the juvenile's rights has been shown to have occurred, the single justice did not, on the basis of the record before him, err or abuse his discretion in denying the juvenile's G. L. c. 211, § 3, petition, seeking review of that determination.

Judgment affirmed.

Melissa Allen Celli (Julianne Feliz-Kidd also present) for the juvenile.
Stephen C. Nadeau, Assistant District Attorney, for the Commonwealth.
Afton M. Templin, for Youth Advocacy Foundation of the Committee for Public Counsel Services & others, amici curiae, submitted a brief.