NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12758

RUBEN PINA  vs.  COMMONWEALTH.


February 22, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Ruben Pina, appeals from a judgment of a
single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

A jury convicted Pina of several crimes, including armed
assault with intent to murder, in violation of G. L. c. 265,
§ 18 (b); assault and battery with a dangerous weapon causing
serious bodily injury, in violation of G. L. c. 265,
§ 15A (c) (1); and commission of a felony while in possession of
a firearm, in violation of G. L. c. 265, § 18B.  The firearm at
the root of the charges was recovered during a motor vehicle
search at which Pina was not present and that also led to
charges in a separate case against a different individual,
Danilo Depina.  In that case, Depina successfully moved to
suppress the firearm on the basis that it had been illegally
seized, and the Commonwealth thereafter nolle prossed the
charges against Depina.  Several years later, Pina filed, in
Depina's case, a "Motion Requesting Court Order to Norfolk DA's
Office to Produce and Provide Party of Interest with a Copy of
all Police Evidence, Tests, and Chain of Custody Reports," which
a judge in the trial court denied.

Pina thereafter sought to appeal the ruling to a single
justice of the Appeals Court pursuant to G. L. c. 231, § 118,
first par.  On the basis that the Appeals Court did not have
jurisdiction pursuant to G. L. c. 231, § 118, because there had
been a final disposition in the underlying case in the trial
court, the filing was transferred to the county court and

treated as a petition pursuant to G. L. c. 211, § 3.  In the petition, Pina argued that he was a "party of interest" in Depina's case because the firearm at the root of the charges against Pina was seized from Depina.  Furthermore, Pina argued, he had, under the circumstances, "automatic standing" to petition the district attorney's office that had prosecuted Depina to produce all evidence related to the firearm.  A single justice denied the petition, noting that Pina has no substantive right to obtain discovery in Depina's case and that to the extent Pina seeks to challenge his own conviction, the proper route to do that is to file a motion for a new trial in the trial court.

Pina appeals, and has now changed tack, arguing that he should be allowed to "intervene" in Depina's case.  This is a somewhat different issue than that raised before the single justice -- that he was entitled to discovery in Depina's case.  In Pina's view, because the charges in both his and Depina's cases stem from the same firearm, the cases are related and the fact that evidence of the firearm was suppressed in Depina's case should have been a part of Pina's defense in his own case.  To the extent Pina raises a different issue in this court than he raised before the single justice in his G. L. c. 211, § 3, petition, we need not consider it.  See, e.g., Carvalho v. Commonwealth, 460 Mass. 1014, 1014 (2011), and cases cited.  In any event, the proper place for Pina to raise issues related to the firearm, including whether evidence of its suppression in Depina's case should have been presented in Pina's own case, is, as the single justice noted, in a motion for a new trial in the trial court.  Indeed, while Pina's appeal has been pending in this court, Pina did just that, filing a motion for a new trial in which he argued that his trial counsel was ineffective for failing to move to suppress the firearm.[1]

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

---

[1] A judge in the Superior Court denied the motion for a new trial.  Pina appealed, and that appeal was consolidated in the Appeals Court with Pina's direct appeal.  This court denied Pina's application for direct appellate review, see Commonwealth vs. Pina, Supreme Judicial Ct., No. DAR-28784 (Dec. 13, 2022), and the consolidated appeal is currently pending in the Appeals Court.

The case was submitted on briefs.

James P. McKenna for the petitioner.

Laura A. McLaughlin, Assistant District Attorney, for the Commonwealth.