SUPREME JUDICIAL COURT 
 
 IN THE MATTER OF BENJAMIN BEHNAM TARIRI

 
 Docket:
 SJC-13370
 
 
 Dates:
 October 14, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Attorney at Law, Disciplinary proceeding, Disbarment. Practice, Civil, Relief from judgment.
 
 

             On June 26, 2023, a single justice of this court issued a judgment of disbarment against the respondent attorney, Benjamin Behnam Tariri.  See Matter of Tariri, 493 Mass. 1019 (2023).  Although Tariri had consented to disbarment, he nevertheless sought to appeal from the judgment.  See id. at 1019.  The notice of appeal was dismissed as untimely.  See id.  Then, in July 2024, Tariri filed in the county court a document titled "Motion Under M.R.Civ.P. 60 (b)."  In the motion, he argued that his consent to disbarment "was obtained under duress and coercion," and he asked the court to set aside the judgment.  The single justice denied the motion, and Tariri appeals.  We affirm.
            First, the Massachusetts Rules of Civil Procedure do not apply in bar discipline proceedings.  See Mass. R. Civ. P. 81 (a) (1), as amended, 481 Mass. 1401 (2018).  See also Matter of the Discipline of an Attorney, 470 Mass. 1020 (2014).  It would have been well within the single justice's discretion to deny the motion on that basis.  Second, notwithstanding Tariri's designation of the motion as one pursuant to Mass. R. Civ. P. 60 (b), the motion essentially asked for reconsideration of the judgment of disbarment.  On the basis of the record before him - a single three-page document containing unsworn assertions regarding "newly discovered" evidence[1] –- the single justice did not err or abuse his discretion in denying the motion.[2]
Order denying motion for relief from judgment affirmed.
            The case was submitted on briefs.
            Benjamin Behnam Tariri, pro se.
 
footnotes

 
            [1] The respondent asserts that he "learned that there exists an audio recording" of a telephone conversation between the respondent and bar counsel that occurred while the respondent was in prison and during which, according to the respondent, bar counsel stated that if the respondent did not consent to disbarment he could be in prison "for a long time." 
             [2] The respondent raises numerous issues in his brief that were not raised before the single justice.  We need not address those issues.  See, e.g., Carvalho v. Commonwealth, 460 Mass. 1014 (2011).