SUPREME JUDICIAL COURT 
 
 KYL V. MYRICK vs. PRESIDENT AND FELLOWS OF HARVARD COLLEGE

 
 Docket:
 SJC-13703
 
 
 Dates:
 November 21, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of certiorari. Injunction.
 
 

      The petitioner, Kyl Myrick, appeals from a judgment of a single justice of the county court denying his petition for relief in the nature of certiorari pursuant to G. L. c. 249, § 4.  We affirm.[1]
     In 2023, Myrick filed a complaint in the Superior Court  against the respondent President and Fellows of Harvard College (Harvard) titled "Complaint Against Retaliation for Employment Grievance."  A judge allowed Harvard's motion to dismiss the complaint.  The judge also, on Harvard's motion, issued an injunction that "permanently enjoined and restrained [Myrick] from filing . . . any action in any Massachusetts court against Harvard and/or its employees" without first seeking and receiving leave to do so.[2]  In his subsequent G. L. c. 249, § 4, petition, Myrick stated that he was "aggrieved" by a trial court order, and that certain issues "flowing from" that order are "beyond the realm of the Massachusetts Appeals Court."  Myrick did not clearly identify what trial court order, in particular, aggrieved him.  He appeared to be dissatisfied not with the final judgment and injunction, or not only with the final judgment and injunction, but rather with various trial court actions, or inactions, that occurred in the course of the trial court proceedings, including, for example, that when his complaint was docketed, it "did not record with all its exhibits"; that a subsequent motion to stay was "strangely sluggish in finding its way to docketing"; that he did not timely receive copies of certain court orders; and that the trial court denied "a timely appeals notice extension."[3]  The single justice denied the petition without a hearing and subsequently denied Myrick's motion for reconsideration.
     In his appeal, Myrick continues to press arguments related to the trial court's handling of certain papers.  He also more directly raises arguments related to the trial court's order enjoining him from filing future actions against Harvard without first seeking leave to do so.  What he has not done, however, is demonstrate that his claims are not otherwise reviewable, which he must for purposes of certiorari review pursuant to G. L. c. 249, § 4.  "Certiorari review is designed to 'correct errors in proceedings which are not . . . otherwise reviewable by motion or by appeal.'"  Padmanabhan v. Cooke, 483 Mass. 1024, 1025 (2019), quoting G. L. c. 249, § 4.  There is no reason why the issues Myrick raises in his petition cannot be addressed in a direct appeal, notwithstanding Myrick's assertion that the issues are "beyond the realm of" the Appeals Court.  And, indeed, as noted, he has already filed a notice of appeal from the underlying trial court judgment.4 
     The single justice did not err or abuse his discretion in denying relief pursuant to G. L. c. 249, § 4.
Judgment affirmed.
     The case was submitted on briefs.
     Kyl V. Myrick, pro se.
     Andrea E. Zoia for the respondent.
Footnotes
     [1] The petitioner's motion for oral argument, filed after the court indicated that the case would be submitted on the briefs, is denied.
     [2] The injunction resulted from the fact that, over the prior  thirteen years, Myrick had filed numerous complaints, and associated motions and appeals, against Harvard, all stemming from Harvard's terminating Myrick's "courtesy appointment" in 2010 or 2011, and Myrick's related claim of employment discrimination.
     [3] Myrick also states in his petition that he has filed a "regular notice of appeal," i.e., in addition to the certiorari petition that he filed in the county court, he has also filed a notice of appeal in the same underlying trial court proceeding, as is reflected on the trial court docket.
     [4] Myrick also raises in his appeal certain arguments related to the substantive merits of the underlying trial court complaint.  To the extent that he did not raise those issues before the single justice, we need not address them.  See, e.g., Carvalho v. Commonwealth, 460 Mass. 1014, 1014 (2011).